26 F.3d 140
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joyce J. SCOGGINS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3153.
 United States Court of Appeals, Federal Circuit.
 May 13, 1994.
 
 Before RICH, PLAGER, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Joyce J. Scoggins petitions for review of the decision of the Merit Systems Protection Board (Board), AT-0846-93-0611-I-1, denying as untimely Scoggins' request to transfer from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). The initial decision of the Administrative Judge (AJ) of September 16, 1993, became the final decision of the Board when it denied review on December 9, 1993. We affirm.
 
 DISCUSSION
 I. Background
 
 2
 At the time of her reemployment on November 27, 1989, Ms. Scoggins had the right to transfer from CSRS to FERS if she did so within six months.[1] The Federal Employees' Retirement System Act (FERSA) provides that individuals reemployed by the Federal Government after June 30, 1987, who at that time are subject to CSRS coverage, may elect to transfer to FERS coverage. Pub.L. No. 99-335, Sec. 301(a)(2)(A), 100 Stat. 514, 599 (1986), codified at 5 U.S.C. Sec. 8331 note. FERSA further provides, however, that
 
 
 3
 [a]n election under this paragraph [301(a)(2)(A) ] shall not be effective unless it is made during the six-month period beginning on the date on which reemployment commences.
 
 
 4
 Pub.L. No. 99-335, Sec. 301(a)(2)(B).
 
 
 5
 In a letter dated March 25, 1993, Ms. Scoggins requested that the Navy grant her a belated transfer from CSRS to FERS, arguing that she had never been afforded an opportunity to elect FERS coverage. The Navy denied her request on the basis that 5 C.F.R. Sec. 846.204(a) limits the authority of an agency to accept belated elections to transfer to those filed within six months after the six month periods proscribed in FERSA section 301(a)(1). Ms. Scoggins appealed this decision to the Office of Personnel Management (OPM).
 
 
 6
 OPM sustained the Navy's decision on a different basis than that relied upon by the Navy. OPM stated that its decision was expressly governed by Killip v. Office of Personnel Management, 991 F.2d 1564 (Fed.Cir.1993), in which this court held that OPM lacked statutory authority to grant FERS transfer requests governed by FERSA section 301(a)(1) made outside of the statutorily defined periods, i.e., during the government-wide open-season from July 1 to December 31, 1987, or the congressionally-ratified "belated transfer" period extending from January 1, 1988 to June 30, 1988.[2] Killip did not involve a reemployment scenario governed by FERSA section 301(a)(2) as in this case. OPM interpreted Killip, however, as prohibiting OPM from granting any FERS election made outside of the statutorily authorized periods set forth in FERSA, which includes both sections 301(a)(1) and 301(a)(2).
 
 
 7
 Upon appeal, the AJ sustained OPM's interpretation of Killip. The AJ noted that, although Ms. Scoggins had testified credibly that she did not receive timely notice of her right to elect coverage under FERS, such testimony could not constitute grounds for waiver of the strict statutory criteria in FERSA.
 
 II. Analysis
 
 8
 We review Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). No such grounds are present here.
 
 
 9
 The AJ and OPM properly followed this court's guidance in Killip. Although Killip dealt with OPM's lack of authority to grant belated transfer requests made pursuant to section 301(a)(1), the same reasoning applies with equal force in this case regarding section 301(a)(2). The text of section 301(a) and its legislative history, as well as that of FERSA as a whole, fail to suggest any intention by Congress that sections 301(a)(1) and 301(a)(2) be treated differently with respect to the time periods dictated therein. The six-month election period set forth in section 301(a)(2) thus constitutes a statutory time-bar to Ms. Scoggins' transfer request. Accordingly, even though the result may seem harsh, the AJ was correct in holding that Ms. Scoggins' estoppel arguments are to no avail.
 
 
 
 [1]
 Prior to her employment on November 27, 1989, Scoggins had resigned and been reemployed several times by the Federal government. Her last previous period of employment ended with her resignation effective August 4, 1984. Because her previous Federal service occurred prior to January 1, 1987, Scoggins was subject to the CSRS rather than the FERS at the time of her reemployment on November 27
 
 
 [2]
 Given that Scoggins was not employed by the Federal government during these periods, she of course could not have transferred during these periods